UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHONG VANG, | Case No. 11-CV-3351 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| CAROLYN W. COLVIN, | |
| Defendant. | |

Laura S. Melnick, SOUTHERN MINNESOTA REGIONAL LEGAL SERVICES, INC., for plaintiff.

Ana H. Voss and David W. Fuller, UNITED STATES ATTORNEY'S OFFICE, for defendant.[1]

This matter is before the Court on plaintiff Chong Vang's objection to the February 11, 2013 Report and Recommendation ("R&R") of Magistrate Judge Janie S. Mayeron. Judge Mayeron recommends granting defendant's motion for summary judgment and denying Vang's motion for summary judgment. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court adopts Judge Mayeron's R&R. Only two issues merit comment:

First, Vang objects that the Administrative Law Judge ("ALJ") gave insufficient weight to the opinion of her treating psychotherapist, Dr. Jonathan Hoistad. A treating doctor's opinion "is afforded less deference when the medical evidence in the record as a whole contradicts the opinion itself." *Haggard v. Apfel*, 175 F.3d 591, 595 (8th Cir. 1999). As explained in the R&R,

---

[1] Michael J. Astrue was the Commissioner of Social Security and the named defendant at the time this case was filed. On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Colvin subsequently replaced Astrue as the named defendant in this matter.

Hoistad's conclusions about the severity of Vang's depression and the scope of her work limitations are often undercut by other evidence in the record, including Hoistad's own treatment notes. Under those circumstances, it was reasonable for the ALJ to give only limited weight to Hoistad's opinions.

Second, Vang argues that both the ALJ and the R&R placed undue weight on the opinion of Dr. Karen Butler, who did not treat or examine Vang. But Butler's opinions were not the sole basis for any of the ALJ's findings; the R&R describes other evidence in the record supporting each of those findings.

This is a close case. Reasonable ALJs could disagree about whether Vang is disabled, and reasonable judges could disagree about whether the ALJ's decision in this case is supported by substantial evidence on the record as a whole. Having closely examined the record and Judge Mayeron's careful and thorough R&R, the Court concludes that the ALJ's decision "'falls within the available zone of choice.'" *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011) (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court ADOPTS the R&R [ECF No. 15]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff Chong Vang's motion for summary judgment [ECF No. 9] is DENIED.

2. Defendant's motion for summary judgment [ECF No. 12] is GRANTED.

3. Plaintiff's complaint [ECF No. 1] is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 20, 2013                                  s/Patrick J. Schiltz
                                                       Patrick J. Schiltz
                                                       United States District Judge